[Cite as *State v. Harris*, 2024-Ohio-5404.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-240105 |
| | | | C-240106 |
| Plaintiff-Appellee, | : | | C-240107 |
| | | TRIAL NOS. | B-2101366 |
| vs. | : | | B-2101872 |
| | | | B-2102489 |
| CALESHA HARRIS, | : | | |
| Defendant-Appellant. | : | *O P I N I O N* | |


Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: November 15, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Elizabeth R. Miller*, Ohio Public Defender, and *Kimberly E. Burroughs*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} In August 2022, defendant-appellant Calesha Harris was convicted upon guilty pleas for receiving stolen property in the case numbered B-2101366 ("first case"), misuse of credit cards in the case numbered B-2101872 ("second case"), and identity fraud, forgery, and telecommunications fraud in the case numbered B-2102489 ("third case"). In exchange for pleading guilty, the remaining charges under each indictment were dismissed as well as charges for community-control violations in unrelated cases. The trial court imposed the agreed four-year prison term.

{¶2} Harris timely filed an R.C. 2953.21 petition for postconviction relief in the common pleas court under each case number, attaching new evidence that Harris alleged demonstrated the following: (1) after being indicted in the first two cases (and after the State had lodged a detainer against her in Kentucky), she had properly informed the State under R.C. 2963.30, Ohio's codification of the Interstate Agreement on Detainers, that she was serving a prison term in Kentucky and had requested that she be brought to trial on the pending cases against her in Hamilton County, Ohio; (2) if her trial counsel had investigated, he would have discovered and asserted speedy-trial claims on her behalf; and (3) the State suppressed material evidence demonstrating that she had a speedy-trial claim. The common pleas court denied her petition, and Harris now appeals the denial of her petition without an evidentiary hearing.

{¶3} After reviewing the evidence submitted by Harris in support of her petition as well as the trial record, we hold that Harris's postconviction claims were not barred by res judicata and that she was entitled to an evidentiary hearing on two of her three postconviction claims. Those two claims asserted that her trial counsel was constitutionally ineffective for failing to investigate and assert speedy-trial claims

2

under the Interstate Agreement on Detainers ("IAD"), *see* R.C. 2963.30, and the Sixth Amendment to the United States Constitution. Accordingly, we reverse the common pleas court's judgment in part and remand this cause for an evidentiary hearing on those two claims. We affirm the court's judgment in all other respects.

## I. Factual and Procedural History

### A. Guilty-Plea Proceedings

{¶4} In March 2021, Harris was arrested and indicted for receiving stolen property and forgery in the first case, and trial counsel was appointed to represent her. On March 15, 2021, she was released on bond, apparently with an electronic-monitoring-unit ("EMU") requirement.

{¶5} One month later, Harris was arrested and indicted for misuse of credit cards and receiving stolen property in the second case. The same trial counsel representing Harris in the first case was appointed to represent her in the second case. On April 29, 2021, Harris and her trial counsel appeared before the trial court and requested that her bond be modified to remove the EMU requirement. Trial counsel explained to the court that Harris had an outstanding warrant in Kentucky and needed to travel to Kentucky to handle the matter but would return in time for her court date in her two pending cases. On May 6, 2021, the trial court entered a capias warrant for Harris under both cases because she had failed to appear for her court date.

{¶6} Two weeks later, Harris was indicted for receiving stolen property, ten counts of forgery, four counts of telecommunications fraud, and two counts of identity fraud in the third case, and a warrant was issued for her arrest. The State arrested Harris upon the warrants issued in all three cases on December 2, 2021, the day that the State transported Harris from Kentucky to Ohio to stand trial on the first two cases. The following day Harris was served with the indictment in the third case, and her

3

arraignment on those charges was held. At the arraignment, the public defender on duty requested that the trial court appoint the same trial counsel representing Harris in her other two cases and said, "She is on IAD with Kentucky. [Trial counsel] is aware of that and is working these cases together." The trial court granted the request and appointed the same trial counsel to represent Harris in her third case.

{¶7} On December 15, 2021, trial counsel moved for a continuance under all three cases. While the cases were pending, trial counsel moved for discovery and the State moved to have the cases consolidated for trial, which was granted. Harris proceeded to request continuances (and waive time with the exception of a few days) until August 1, 2022, when she entered her guilty pleas and was sentenced to a four-year prison term, with credit for all time she had earned while awaiting trial. The entry journalizing her convictions and sentences was entered upon the record on August 2, 2022.

### B. Postconviction Proceedings

{¶8} Harris moved this court for permission to file a delayed notice of appeal in each case and requested the appointment of counsel, both of which we granted. In her motions to file a delayed appeal, she alleged that she had not been awarded the proper amount of credit for time served in Kentucky while awaiting trial on her Ohio charges. Prior to filing her appellate brief, the trial court awarded the proper amount of credit that Harris was entitled to, and the appeals were dismissed.

{¶9} On August 31, 2023, Harris timely filed a petition for postconviction relief in all three cases, asserting three postconviction claims: (1) trial counsel provided ineffective assistance of counsel for failing to reasonably investigate and assert Harris's speedy-trial claim under the IAD; (2) trial counsel was ineffective for failing to investigate and assert her speedy-trial claim under the Sixth Amendment to the

United Constitution; and (3) the State violated Harris's due-process rights by "fail[ing] to disclose material evidence in its constructive possession that demonstrated a prima facie speedy trial violation under [Article III of the IAD]." In support of her claims, Harris submitted her affidavit, her postconviction counsel's affidavit detailing counsel's conversation with Harris's trial counsel and trial counsel's coworker, and documents received in response to a public-records request to the Hamilton County Sherriff's Office ("HCSO"), the Hamilton County Prosecutor's Office, and various detention centers in Kentucky.

{¶10} Relevant documents attached to Harris's petition included the following: the May 11, 2021 detainer for Harris issued by the HCSO to the Boone County Jail in Kentucky where Harris was being held; IAD Forms I, II, and III, executed by Harris on June 1, 2021, and witnessed by Sergeant Roberts of the Boone County Jail, which notified the State that Harris had "untried indictments" pending against her in Hamilton County, Ohio, requested that she be brought to trial on those charges, and indicated that she was currently incarcerated at the Boone County Jail and was serving a three-year prison term; and IAD Form VII, entitled "Prosecutor's Acceptance of Temporary Custody Offered In With A Prisoner's Request for Disposition of a Detainer" and executed by the chief assistant prosecuting attorney of Hamilton County, Ohio, on October 1, 2021. Form VII was addressed to Edward Prindle, the jailer of the Boone County Detention Center, informing him that "[i]n response to your letter of June 10, 2021 and offer of temporary custody regarding Calesha Harris," the HCSO will take custody of Harris the week of November 29, 2021, and transport her to Ohio to stand trial on her pending indictments.

{¶11} Harris's postconviction counsel, Kimberly Burroughs, attested in her affidavit that despite filing numerous public-records requests with all agencies she

5

believed would have information on Harris's IAD request, she was unable to obtain documentation regarding when Harris's IAD demand was delivered to the Hamilton County Prosecutor's Office and the Hamilton County Court of Common Pleas. Specifically, Burroughs attested that she was not able to obtain an original or copy of the June 10, 2021 letter written by Jailer Prindle to the chief assistant prosecuting attorney or any certified mail return or other tracking information related to the delivery of the letter. Burroughs also attested that Harris's appointed appellate counsel in her direct appeal had discovered Harris's IAD paperwork (although it is unclear how it was discovered) and turned it over to Burroughs.

**{¶12}** Additionally, Burroughs attested to the conversations she had with Harris's trial counsel and another attorney in his office that had previously represented Harris. During those conversations, Burroughs attested that she learned that trial counsel was aware Harris had been transferred from Kentucky to Ohio under the IAD in December 2021, but that he had never obtained any IAD paperwork during his representation of Harris. Although trial counsel told Burroughs that he believed another attorney (his coworker) was working with Harris to investigate how her demand under the IAD applied to her cases, he confirmed that he did not consult with his coworker on this issue and that his coworker was not representing Harris. He explained that he took no action beyond his February 2022 discovery demand to obtain any IAD paperwork. Finally, he was not aware of any colorable speedy-trial claim under the IAD that Harris could assert, and he did not counsel Harris on the consequences of entering a no-contest plea versus a guilty plea.

**{¶13}** With respect to Burrough's conversation with trial counsel's coworker, she attested that the coworker explained that Harris had reached out to him and told him that she had filed an IAD demand while she had been incarcerated in Kentucky.

That attorney, expecting the IAD demand to have been filed in Harris's felony cases, searched the online docket but could not find any documentation. He conveyed that information to Harris's trial counsel, although he could not remember when he had done so.

**{¶14}** Harris submitted her affidavit in support of her petition attesting that she had asked trial counsel "to investigate my speedy trial claims," that he failed to reasonably do so, and he did not counsel her on whether a no-contest plea would have preserved her appellate rights to raise issues under the IAD on appeal. She also attested that if counsel had discovered and asserted her speedy-trial claims, she would not have pleaded guilty.

**{¶15}** The common pleas court denied Harris's petition, finding that Harris did not submit sufficient evidence outside of the record to support her claims and that her claims were barred by res judicata. Harris now appeals, asserting two assignments of error challenging the denial of her petition.

## II.    Law and Analysis

**{¶16}** We begin with a brief overview of the IAD, codified in R.C. 2963.30, as each of Harris's postconviction claims either references it or relies on it in support.

**{¶17}** The IAD is "a compact among 48 states, the District of Columbia, and the United States that establishes procedures for one jurisdiction to obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing a prisoner to trial." *State v. Black*, 2015-Ohio-513, ¶ 3, citing *Cuyler v. Adams*, 449 U.S. 433, 435, fn. 1 (1981). Under the IAD, the official having custody of a prisoner, must promptly notify the prisoner of any detainer lodged against her. R.C. 2963.30, Article III(c). The prisoner may then provide written notice indicating her place of incarceration and a request for "final disposition" of the charges referenced in the

7

detainer to the official having custody over her, "who shall promptly forward it . . . to the appropriate prosecuting official and court by registered or certified mail, return receipt requested." R.C. 2963.30, Article III(b). The receiving state must bring the prisoner to trial within 180 days of receiving the prisoner's request for disposition. *Black* at ¶ 9, citing R.C. 2963.30, Article III(a) and (d). The 180-day period begins to run when the prisoner substantially complies with the IAD requirements of notice of place of imprisonment and request for disposition. *State v. Williams*, 2023-Ohio-3647, ¶ 13, citing *State v. Mourey*, 1992-Ohio-32. "A prisoner substantially complies with [the 180-day notice-and-request language of the IAD] when he or she causes to be delivered to the prison officials where incarcerated, appropriate notice or documentation requesting a disposition of the charges for which the detainer has been filed against him or her." *Id.* at ¶ 13, quoting *Mourey,* at paragraph two of the syllabus; *Contra Fex v. Michigan*, 507 U.S. 43, 47-48 (1993) (holding that the 180-day period does not begin to run until the prisoner's notice of incarceration and request for disposition is delivered to, and received by, the appropriate prosecuting official and court).

{¶18} In her first assignment of error, Harris contends that the common pleas court erroneously denied her three postconviction claims on the basis of res judicata, and in her second assignment, contends that the trial court erroneously concluded that she had not presented sufficient evidence to demonstrate substantive grounds for relief. Under the second assignment, Harris argues she was entitled to an evidentiary hearing on her three claims. We consider these assignments together for ease of discussion.

{¶19} In *State v. Bunch*, 2022-Ohio-4723, the Ohio Supreme Court addressed the standard to be used for determining whether a hearing should be held on a

postconviction petition and emphasized that it was only addressing the standard for holding a hearing on a timely-filed postconviction petition and not the standard for ultimately granting relief on the petition. *Id*. at ¶ 22.

**{¶20}** Under the postconviction statutes, a trial court must, before granting an evidentiary hearing, "determine whether there are substantive grounds for relief." *Id*. at ¶ 23, citing R.C. 2953.21(D). "If the petition 'is sufficient on its face to raise an issue that the petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.'" *Id*., citing *State v. Milanovich*, 42 Ohio St.2d 46 (1975).

**{¶21}** The *Bunch* court further explained that in determining whether there are substantive grounds for relief, the trial court must consider the entirety of the record from the trial proceedings as well as any evidence filed by the parties in postconviction proceedings. Then, "[i]f the record does not on its face disprove the petitioner's claim," the court is required to "proceed to a prompt hearing on the issues." *Id*. at ¶ 24, citing R.C. 2953.21(F).

**{¶22}** In her first two claims, Harris alleges ineffective assistance of counsel. To prevail on a postconviction claim of ineffective assistance of counsel, the petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989). To establish prejudice, the petitioner must demonstrate that but for counsel's deficient performance, there is a reasonable probability that petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

**{¶23}** We briefly note that with respect to postconviction petitions asserting grounds for relief based on ineffective assistance, res judicata does not operate to bar those grounds where the petitioner has submitted competent evidence of ineffective assistance outside of the trial record and where that evidence presents substantive grounds for relief. *State v. Blanton*, 2022-Ohio-3985, ¶ 33. Although the State acknowledges that the evidence Harris presented was outside the record, the State maintains that this evidence was either unnecessary to litigate the claims or failed to present substantive grounds for relief. We disagree with respect to Harris's two ineffective-assistance-of-counsel claims.

**{¶24}** In discussing these two claims, we reiterate that we are not considering whether there are substantive grounds for relief with respect to the merits of Harris's petition. *See Bunch*, 2022-Ohio-4723, at ¶ 27. Therefore, we are mindful that Harris's petition "need not definitively establish counsel's deficiency or whether [Harris] was prejudiced by it [in order to entitle her to an evidentiary hearing]. Instead, the petition must be sufficient on its face to raise an issue whether [Harris] was deprived of the effective assistance of counsel, and [Harris's] claims depend[] on factual allegations that cannot be determined by examining the record from [her] trial." *Id.*

**{¶25}** In her first claim, Harris asserts that her counsel was constitutionally deficient in investigating and asserting a speedy-trial claim under the IAD. She contends that if trial counsel had conducted a reasonable investigation, he would have discovered that the official in Kentucky who had custody of Harris had sent Harris's request for final disposition under the IAD to the appropriate prosecuting official and court via letter dated June 10, 2021, and despite sending the request for final disposition in June, Harris was not brought to trial until August 1, 2022, when she entered her guilty pleas. Harris supported this claim with evidence outside the record:

her affidavit were she testified that she had asked trial counsel to investigate her speedy-trial claims; Burrough's affidavit detailing her conversation with trial counsel reflecting the limited extent of his investigation (a general discovery demand); and documents received in a public-records request demonstrating that the State had filed a detainer against Harris, Harris had invoked her rights under the IAD, and the notice was sent to and received by the appropriate prosecuting officer and court. This evidence, all outside the trial record, was sufficient to demonstrate an issue of whether Harris received ineffective assistance of counsel and was necessary to litigate her claim.

**{¶26}** The State argues that even if Harris had submitted evidence sufficient to demonstrate counsel's alleged deficient performance, she presented no evidence to demonstrate that she had actually suffered any prejudice, as she cannot demonstrate that she was brought to trial outside the 180-day time period under the IAD. But the premise of the State's argument is that the 180-day clock does not begin to run until the appropriate prosecuting official and court actually receive the prisoner's request for disposition. *See Fex,* 507 U.S. at 47-48; *Williams,* 2023-Ohio-3647, at ¶ 25, 37 (DeWine, J., dissenting). But under *Williams*, the 180-day time period begins to run when the prisoner substantially complies with the IAD requirements of notice and request for disposition and delivering such notice and request to the prison official where the prisoner is incarcerated constitutes substantial compliance under the IAD. *Williams* at ¶ 13-14, citing *Mourey* at paragraph two of the syllabus.

**{¶27}** Given the evidence that Jailer Prindle sent Harris's notice of incarceration and request for disposition to the appropriate prosecuting official via letter dated June 10, 2021, Harris has demonstrated an issue of prejudice. The time period between June 10 and December 15, 2021, the date Harris first requested a

continuance of her cases and waived time was over 180 days. Accordingly, the record before us raises an issue of whether Harris was brought to trial out of time and was prejudiced by her counsel's performance.

**{¶28}** Briefly, we note that even under the State's position that the prosecuting official and court had to actually receive the notice and request before the clock begins to run, Harris still has demonstrated an issue of ineffective assistance entitling her to an evidentiary hearing where she submitted Form VII of the IAD, executed by the prosecuting official, indicating receipt of Jailer Prindle's letter dated June 10, 2021. Keeping in mind that Harris does not have to definitively prove prejudice in order to receive a hearing on her claim, this evidence tends to demonstrate that the prosecuting attorney received Harris's notice and request around June 10, 2021.

**{¶29}** Because Harris's first postconviction claim cannot be disproved on the face of the record, we hold that she submitted competent evidence outside the record demonstrating substantive grounds for relief entitling her to a hearing on her first postconviction claim.

**{¶30}** We also conclude that she is entitled to a hearing on her second postconviction claim of ineffective assistance. Under this claim, Harris contends that counsel was ineffective for failing to investigate and assert a speedy-trial claim under the Sixth Amendment to the United States Constitution. Citing to *Doggett v. United States*, 505 U.S. 647 (1992), and *State v. Long*, 2020-Ohio-5363, ¶ 26-27, Harris maintains that the State violated her Sixth-Amendment right to a speedy trial by failing to promptly serve her with her indictment in the third case despite the fact that the State knew where she was incarcerated. Harris submitted documentation with her petition demonstrating that the State had filed a detainer against her with the Kentucky detention center having custody of her in mid-May 2021, and despite

knowing where she was incarcerated, the State waited seven months to serve Harris. Considering a post-accusation delay approaching close to a year is presumptively prejudicial, *see State v. Sears*, 2005-Ohio-5963, ¶ 11 (1st Dist.), we hold that Harris has submitted sufficient evidence outside the record to demonstrate an issue of ineffective assistance of counsel that cannot be disproved on the face of the record. Accordingly, Harris is entitled to a hearing on her second postconviction claim.

**{¶31}** Finally, with respect to Harris's third postconviction claim, we hold that the evidence submitted in support of her due-process claim was not sufficient to demonstrate substantive grounds for relief. Under this claim, Harris, citing *Brady v. Maryland*, 373 U.S. 83 (1963), contends that the State had a constitutional duty to disclose evidence tending to prove a statutory speedy-trial violation under the IAD; specifically, Harris argues that the State was required to produce her IAD demand paperwork based on the standard discovery documents her trial counsel had filed. But under *Brady*, the State only has a constitutional duty to turn over exculpatory evidence related to a defendant's guilt or innocence. Harris's IAD paperwork is not exculpatory evidence. Although Harris asks us to conclude that evidence of a statutory speedy-trial violation should either be considered exculpatory or required to be turned over under the concept of due process, Harris does not cite to any case holding that such evidence must be turned over under *Brady*, and we cannot find one. Accordingly, because Harris has not submitted sufficient evidence outside the record to demonstrate substantive grounds for relief with respect to her due-process claim, we hold that the common pleas court did not abuse its discretion in denying Harris's third postconviction claim.

**{¶32}** Based on the foregoing, we sustain in part Harris's assignments of error to the extent they assert that the common pleas court erroneously denied her two

claims asserting ineffective assistance of counsel without first holding an evidentiary hearing. Harris submitted evidence outside the record to raise an issue of ineffective assistance of counsel in failing to assert speedy-trial claims under the IAD and the Sixth Amendment, and thus, demonstrated substantive grounds for relief entitling her to a hearing with respect to those two claims.  The assignments of error are overruled in all other respects.

### III.    Conclusion

**{¶33}** Accordingly, the common pleas court's judgment is reversed in part, and the cause is remanded for an evidentiary hearing on Harris's two postconviction claims asserting ineffective assistance of counsel. The lower court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**BOCK, P.J.,** and **CROUSE, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.